UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
DAVID MARTINEZ,

                      Petitioner,              MEMORANDUM & ORDER
                                                  11-CV-4330 (SJF)

    -against-

SUPERINTENDENT OF EASTERN
CORRECTIONAL FACILITY,

                      Respondent.
----------------------------------------------------------------X

FEUERSTEIN, J.

Petitioner David Martinez ("petitioner"), appearing pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court has conducted an initial review of this petition and, for the reasons set forth below, has determined that the petition appears to be time-barred by the one-year statute of limitations under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). The Court therefore **directs petitioner to show cause within 30 days of the entry of this Memorandum and Order why the petition should not be dismissed as time-barred.**

I.     Background

Petitioner entered a plea of guilty on February 11, 2008 in the Supreme Court of the State of New York, Nassau County, to one count of attempted murder in the second degree, two counts of robbery in the first degree, two counts of assault in the first degree, two counts of criminal possession of a weapon in the second degree, two counts of criminal use of a weapon in the first

degree, and one count of criminal possession in the third degree. Petition [Docket No. 1] at ¶¶ 1-4. Petitioner was sentenced to twelve (12) years' imprisonment with five (5) years' post-release supervision. Id. Petitioner does not provide the date he was sentenced, if different from the date on which he entered a plea of guilty.

Petitioner states that he never appealed his 2008 conviction, but, rather, filed a writ of error coram nobis with the state court on December 8, 2010. Id. at ¶¶ 8, 10, 12, 14-15. Plaintiff further states that the court "modified restitution," but otherwise affirmed the judgment and conviction on December 8, 2010, the same date on which he allegedly filed the writ of error coram nobis. Id. at ¶ 15.

On February 25, 2011, petitioner appealed the denial of his writ of error coram nobis, and by Decision and Order dated May 10, 2011, the Appellate Division, Second Department denied him leave to appeal. Id. at ¶ 18. Petitioner then appealed to the New York Court of Appeals, which dismissed his appeal on August 1, 2011. Id. at ¶ 20. The instant petition followed.

II.   Discussion

With the passage of the AEDPA, Congress set a one-year statute of limitations for the filing of a petition for a writ of habeas corpus by a person in custody pursuant to a state court conviction. 28 U.S.C. § 2244(d)(1). The one-year period runs from the date on which one of the following four events occurs, whichever is latest:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United

States is removed, if the applicant was prevented from filing by such state action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). Under subsection (A), the instant petition appears to be untimely. Petitioner's conviction became final on or about March 12, 2008, upon expiration of his time for filing a notice of appeal from his conviction. See Bethea v. Girdich, 293 F.3d 577 (2d Cir. 2002) (per curiam) (citing N.Y. C.P.L. § 460.10(1)). Therefore, unless the deadline was tolled, this petition should have been filed on or before March 12, 2009. The petition, however, is dated August 22, 2011. Thus, unless the petitioner can show that the statute of limitations period should be tolled, the petition is barred by 28 U.S.C. § 2244(d) as untimely.

1. Tolling

A. Statutory Tolling

In calculating the one-year statute of limitations period, "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted." 28 U.S.C. § 2244(d)(2). The post-conviction proceeding does not start the one-year period anew, but the "time during which this application was pending does not count toward the one-year limitation period." Morrison v. Brown, No. 11-CV-

3366 (KAM), 2011 WL 3423362, at *1 (E.D.N.Y. Aug. 4, 2011); see also Smith v. McGinnis, 208 F.3d 13, 16 (2d Cir. 2000) (per curiam). "[A] state-court petition is 'pending' from the time it is first filed until finally disposed of and further appellate review is unavailable under the particular state's procedures." Bennett v. Artuz, 199 F.3d 116, 120 (2d Cir. 1999); see also Carey v. Saffold, 536 U.S. 214, 219-21 (2002).

Here, petitioner states that his petition for an writ of error coram nobis was both filed and decided on December 8, 2010. Petition at ¶ 15. Reading the pro se petitioner's submission liberally, see Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010), the Court assumes that this may be an error, and that plaintiff may have actually filed his petition for a writ of error coram nobis at an earlier date. In assessing the timeliness of this petition, the Court is therefore unable to determine to what extent the deadline should be tolled, if at all.

B. Equitable Tolling

The limitations period may also be equitably tolled. Holland v. Florida, __U.S.__, 130 S.Ct. 2549, 2560 (June 14, 2010); Smith, 208 F.3d at 17 (equitable tolling is available if petitioner can demonstrate that "extraordinary circumstances prevented him from filing his petition on time," and that he "acted with reasonable diligence throughout the period he seeks to toll"). Given petitioner's pro se status, the Court will provide him an opportunity to demonstrate whether equitable tolling should apply to this petition.

III. Conclusion

Accordingly, the Court directs petitioner **to show cause by written affirmation, within 30 days from entry of this Memorandum and Order, why the petition should not be dismissed as time-barred by the AEDPA's one-year statute of limitations**. Day v. McDonough, 547 U.S. 198, 209 (2006); Acosta v. Artuz, 221 F.3d 117, 124 (2d Cir. 2000). In the affirmation, petitioner must provide the date he filed his petition for a writ of error coram nobis in state court and the date he was sentenced, if different from the date that he entered a plea of guilty. In addition, petitioner should present any facts which would support equitable tolling of the period of limitations, if applicable.

No response or answer shall be required at this time from respondent and all further proceedings shall be stayed for 30 days or until petitioner has complied with this Order. If petitioner fails to comply with this Order within the time allowed, the instant petition shall be dismissed as time-barred under 28 U.S.C. § 2244(d).

In accordance with Rule 77(d) of the Federal Rules of Civil Procedure, the Clerk of Court shall serve a copy of this order with notice of entry upon all parties.

**SO ORDERED.**

/s/
Sandra J. Feuerstein
United States District Judge

Dated: October 6, 2011
      Central Islip, New York

5

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
───────────────────────────────X

DAVID MARTINEZ,

                Petitioner,                  **PETITIONER'S**
                                                              **AFFIRMATION**
      -against-

                                                                **11-CV-4330 (SJF)**

SUPERINTENDENT OF EASTERN C.F.,

                Respondent.
───────────────────────────────X

      DAVID MARTINEZ, appearing <u>pro se</u>, makes the following affirmation under the penalties of perjury: I am the petitioner in this action and I respectfully submit this affirmation in response to the Court's Order dated _____. The instant petition should not be time-barred by the one-year period of limitation because:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

[YOU MAY ATTACH ADDITIONAL PAGES, IF NECESSARY]

In view of the foregoing, it is respectfully submitted that the instant Petition should be permitted to proceed.

DATED: _____

_____
Signature & Identification Number

_____
Address

_____

_____
City, State & Zip Code