UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
David MARTINEZ,

                Petitioner,

- v. -

SUPERINTENDENT OF EASTERN
CORRECTIONAL FACILITY,

                Respondent.
-----------------------------------------------------------------x

OPINION AND ORDER

11-cv-4330 (NG)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ OCT 3 1 2016 ★

BROOKLYN OFFICE

GERSHON, United States District Judge:

Petitioner David Martinez seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 vacating his conviction in New York Supreme Court, Nassau County by guilty plea, on murder, robbery, assault, and related firearm charges, or in the alternative, eliminating the supervised release component of his sentence. Martinez filed his habeas petition *pro se* on August 30, 2011, more than three years after his state conviction had become final, and long after the expiration of the one-year limitations period provided by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)(1).

I dismissed Martinez's petition by order dated April 15, 2014, concluding that he was not entitled to equitable tolling and that post-conviction remedies he pursued in state court did not trigger statutory tolling because they were initiated after the limitations period had run. *Martinez v. Superintendent of E. Corr. Facility*, 15 F. Supp. 3d 226 (E.D.N.Y. 2014). The Second Circuit vacated that decision and remanded for further proceedings on the issue of equitable tolling. *Martinez v. Superintendent of E. Corr. Facility*, 806 F.3d 27 (2d Cir. 2015).

On remand, I appointed counsel for Martinez. After conducting a hearing on April 13, 2016, at which Martinez and his sister testified, both credibly, I conclude, for reasons to follow, that Martinez is entitled to equitable tolling and his petition is therefore timely.

As to the merits, Martinez asserts five claims: (1) his plea was not knowing and voluntary; (2) he was denied effective assistance of trial counsel; (3) he was denied effective assistance of appellate counsel; (4) his sentence was coerced and excessive in violation of the 8th Amendment; and (5) the supervised release component of his sentence is in violation of the 8th and 14th Amendments. Counsel supplemented claims (1) and (3) of the *pro se* petition. At the request of this court, Randall Bekoff, Esq., petitioner's trial counsel, filed an affidavit dated July 29, 2016 setting forth in detail the circumstances surrounding the plea and sentencing. His affidavit is not contested by petitioner. For the reasons stated below, Martinez's application for a writ of habeas corpus is denied.

## Martinez's Conviction and Sentence

On July 20, 2007, Martinez pleaded guilty before Justice David J. Ayres in New York Supreme Court to attempted murder in the first degree, N.Y. Penal Law §§ 110.00, 125.25, two counts of robbery in the first degree, § 160.15, two counts of assault in the first degree, § 120.10, criminal use of a firearm in the first degree, § 265.09, criminal possession of a weapon in the second degree, § 265.03, and criminal possession of a weapon in the third degree, § 265.02. The top count carried a possible penalty of 25 years of confinement. Justice Ayres agreed to sentence Martinez to no more than twelve years' imprisonment followed by a term of supervised release and restitution.

Leading up to the plea, Martinez and his attorney were under the impression that, as part of the plea agreement, Justice Ayres had agreed to sentence Martinez to ten years in prison. At

the plea, however, Justice Ayres informed Martinez that he would be willing to commit only to sentence Martinez to no more than twelve years, with a possibility of sentencing him to ten years. After adjourning to confer with his attorney, Martinez decided to proceed with the plea under this agreement. Justice Ayres confirmed with Martinez's counsel that Martinez understood that the maximum possible sentence would be twelve years and not ten. Justice Ayres twice more asked Martinez personally if he understood that the maximum sentence could be twelve years. Martinez indicated both times that he did. Martinez also stated that no one forced him to plead guilty, and he agreed to waive his right to appeal.

In January 2008, approximately a month prior to his sentencing, Martinez appeared again with counsel before Justice Ayres to sign a Post Release Supervision Advisement. Martinez signed the document in open court acknowledging that he understood that he would be under supervised release for five years after his release from prison.

On February 11, 2008, Justice Ayres sentenced Martinez to twelve years' imprisonment, five years' supervised release, and restitution. During the sentencing proceeding, Martinez's attorney stated that he had reviewed the sentencing agreement with Martinez that same day, and Martinez himself stated that he understood the supervised release component of his sentence.

### Equitable Tolling

In my earlier order dismissing Martinez's petition as time-barred, I relied on *Doe v. Menefee*, 391 F.3d 147 (2d Cir. 2004), to conclude that, although the attorney Martinez's family had hired after his sentence, Anthony Denaro, Esq., had effectively abandoned him, Martinez did not act with the diligence needed to equitably toll the statute of limitations. After clarifying aspects of *Doe*, the Second Circuit vacated the dismissal and remanded for an evidentiary hearing on the subject of reasonable diligence.

Addressing the diligence inquiry applicable in cases involving a counseled litigant, *Doe* had reasoned that "it would be inequitable to require less diligence from petitioners who are able to hire attorneys than from those who are forced to proceed *pro se*." 391 F.3d at 175. Observing that I had placed emphasis on this language in dismissing Martinez's petition, the Circuit clarified its import in the remand order:

> Although we do not require less diligence from counseled litigants, it should be recognized that a counseled litigant may display the same level of diligence in a different way. A litigant with an attorney, for example, may reasonably delegate certain tasks and decisions to the attorney. The litigant may then reasonably rely upon the attorney to do the necessary work, if, as here, the attorney leads the client to believe that he is fully engaged in the matter.

*Martinez*, 806 F.3d at 33.

With this principle established, the Circuit analyzed the four factors *Doe* identified as being "relevant to a diligence inquiry 'in the attorney incompetence context': (1) 'the purpose for which the petitioner retained the lawyer,' (2) 'his ability to evaluate the lawyer's performance,' (3) 'his financial and logistical ability to consult other lawyers or obtain new representation,' and (4) 'his ability to comprehend legal materials and file the petition on his own.'" *Id.* at 31-32 (quoting *Doe*, 391 F.3d at 175 (2d Cir. 2004)).

The Circuit concluded that the first factor weighs in Martinez's favor because he explicitly hired Denaro for all post-conviction relief, which would encompass any federal habeas petition. "The timely filing of that petition thus fit squarely within Martinez's reasonable expectations." *Id.* at 32. The second factor also favors Martinez, the Circuit concluded, because Martinez's ability to evaluate Denaro's work was compromised by Denaro's assurances—for example, that he was "working very hard to make this happen for you"—and had the effect of "conceal[ing] his firm's poor performance." *Id.* As to the third and fourth factors, the Circuit held further inquiry was required. In addition, while indicating that Martinez's actions "all indicate diligence," the Circuit

4

noted there were gaps in the record for portions of the period Martinez seeks to toll and directed further inquiry concerning Martinez's "activity level during these time periods." *Id.* at 34.

Guided by the Circuit's clarification of *Doe v. Menefee*, I now make the following findings relevant to the decision whether Martinez exercised reasonable diligence.

First, as I previously held, and as confirmed by the proceedings on remand, Martinez hired Denaro to, among other things, file a timely federal habeas corpus petition. As for the second factor, Martinez's ability to evaluate his lawyer's performance, I conclude that it was severely compromised by Denaro's active concealment of his firm's failures to act on Martinez's behalf. As the Circuit noted, Martinez promptly obtained counsel and, at least initially, made efforts to ensure that the attorney was diligently pursuing post-conviction relief. Although he did not press the attorney for a period of about five months, this inactivity is reasonably attributable to Denaro's extraordinary misconduct in affirmatively misleading Martinez into thinking that Denaro's firm was actively working on Martinez's behalf. At the least, the periods of inactivity do not "overcome[] the acts of diligence that Martinez did exhibit." *Martinez*, 806 F.3d at 34.

As to the third *Doe* factor, I conclude from the credible evidence that neither Martinez nor his family had the financial ability to hire another attorney. Finally, Martinez was a very young man, only 19 at the time of his sentencing, with an 11th grade education and no legal experience or training. Nevertheless, when he realized that Denaro was not acting on his behalf, he diligently filed, *pro se*, a state application, and filed letters to the Grievance Committee. Promptly after he exhausted his state remedies, with the help of an inmate, he filed his *pro se* petition in this court.

In sum, under all the circumstances, the record establishes sufficient basis for equitable tolling. I will therefore turn to the merits.

## The Merits

### I. Standard of Review

Under AEDPA, a federal court may not grant a writ of habeas corpus unless a state prisoner has exhausted all available remedies in the state courts. 28 U.S.C. § 2254(b)(1)(A). A federal court may, however, deny an application that is meritless, "notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." § 2254(b)(2). Furthermore, a federal court may not grant a writ of habeas corpus on any claim that was adjudicated on the merits in state court unless it concludes the state court decision "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." § 2254(d). Factual determinations made by a state court "shall be presumed to be correct," and the applicant "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." § 2254(e)(1).

A state court decision is "contrary to clearly established federal law if the state court applies a rule different from the governing law set forth in the Supreme Court's cases, or if it decides a case differently than the Supreme Court has done on a set of materially indistinguishable facts." *Chrysler v. Guiney*, 806 F.3d 104, 117 (2d Cir. 2015) (internal quotation marks and alterations omitted) (quoting *Bell v. Cone*, 535 U.S. 685, 694 (2002)). A state court decision involves an unreasonable application of Supreme Court precedent if it "correctly identifies the governing legal principle from the Supreme Court's decisions but unreasonably applies it to the facts of the particular case." *Id.* (internal alterations omitted).

## II. Martinez's Claim that His Plea Was Not Knowing and Voluntary

Martinez contends that his plea was not knowing and voluntary because the trial court did not inform him of the duration of supervised release that would result from his plea. Respondent argues that this claim was not exhausted. Since, in any event, I conclude that the claim should be denied on the merits, I do not address the issue of exhaustion.

A guilty plea is valid only if it is voluntarily, knowingly, and intelligently given, "with sufficient awareness of relevant circumstances and likely consequences." *Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005). However, "there is no clearly established Supreme Court precedent that a defendant must be advised of mandatory post-release supervision prior to entering a guilty plea." *Rosario v. Laffin*, 2014 WL 2600169, at *12–13 (E.D.N.Y. June 11, 2014); *accord Bonner v. Ercole*, 338 F. App'x 61, 62 (2d Cir. 2009). Indeed, "the Supreme Court has not considered the issue of whether a trial court's failure to inform a defendant of a mandatory term of supervised release makes the subsequent plea involuntary." *Bonner*, 338 F. App'x at 62. Tellingly, Martinez cites only to New York state case law to argue that his guilty plea was involuntary. Therefore, it cannot be said that the state court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court." 28 U.S.C. § 2254(b)(1)(A). Martinez's claim that his plea was not knowing and voluntary is denied.

## III. Martinez's Claim that He Was Denied Effective Assistance of Trial and Appellate Counsel

Martinez next claims that he received ineffective assistance of counsel from both his trial and appellate counsel. Specifically, he argues, trial counsel was ineffective by failing to object to the court's imposition of a sentence in violation of the agreement struck with the court. Moreover, he claims that his trial counsel coerced him into signing a waiver of appeal as part of his plea. As for appellate counsel, Martinez contends that his attorney was ineffective by failing to challenge

the voluntariness of the plea or, in fact, filing any motions on his behalf. His claims are denied as meritless, so I do not address the issue of exhaustion raised by the respondent.

### A. Legal Standard

To succeed on a claim of ineffective assistance of counsel, a petitioner must show that (1) "counsel's representation fell below an objective standard of reasonableness" and (2) that "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 688, 694, (1984). The standard set forth in *Strickland* "applies equally to claims of ineffective assistance of appellate counsel on a defendant's first appeal as of right" as it does to trial counsel. *Aparicio v. Artuz*, 269 F.3d 78, 95 (2001) (citing *Evitts v. Lucey*, 469 U.S. 387, 396–97 (1985)). Judicial review of counsel's performance must be "highly deferential," and courts "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. Further, "an error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691. To show prejudice, a petitioner must establish that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

### B. Application

#### 1. Trial Counsel

Martinez's first claim, that his trial counsel failed to object to the sentence as greater than promised, is meritless because counsel had no basis upon which to object. The sentence was, in fact, within the bounds of the plea agreement. Martinez claims that he was guaranteed a ten year sentence, but received seventeen: twelve years' imprisonment and five years' supervised release. However, it is clear from the record that Martinez was not guaranteed a ten year sentence. While

there was some misunderstanding at the beginning of the plea proceeding between defense counsel and the court as to the agreed upon sentence, the court clarified in no uncertain terms that it would commit to sentence Martinez only to no more than twelve years in prison. Martinez stated that he understood the terms of this agreement and elected to continue with his guilty plea. Moreover, Martinez subsequently stated at a court proceeding a month before his sentencing, as well as at his sentencing, that he understood and accepted that the plea agreement included five years of supervised release as part of the plea agreement. By the time the judge imposed the sentence, Martinez had repeatedly affirmed his assent to a plea agreement that included a maximum possible sentence of twelve years in prison followed by five years of supervised release. Therefore, when the judge sentenced Martinez to twelve years in prison and five years of supervised release, Martinez's counsel had no basis to object to the legality of the sentence. Furthermore, Martinez at no point asked his attorney to object. To the contrary, Martinez repeatedly indicated that he accepted the agreement. Therefore, in not objecting, Martinez's attorney followed his expressed wishes. Accordingly, his trial counsel's performance was not professionally unreasonable. *Strickland*, 466 U.S. at 689.

Similarly, Martinez's claim that his trial counsel coerced him into waiving his appellate rights is without merit. The analysis begins with the understanding that "[c]ounsel's conclusion as to how best to advise a client in order to avoid, on the one hand, failing to give advice and, on the other, coercing a plea enjoys a wide range of reasonableness because 'representation is an art.'" *Purdy v. United States*, 208 F.3d 41, 45 (2d Cir. 2000) (quoting *Strickland*, 466 U.S. at 693) (internal alterations omitted)). Moreover, Martinez's conclusory statement that his counsel coerced him, which he makes for the first time in this petition, is contradicted by his sworn statement at the plea proceeding that no one forced him to plead guilty. *See United States v.*

*Hernandez*, 242 F.3d 110, 112 (2d Cir. 2001) ("[A] district court [is] entitled to rely upon the defendant's sworn statements."); *Blackledge v. Allison*, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of verity."). Therefore, Martinez has failed to show that his trial counsel coerced him into waiving his appellate rights.

### 2. Appellate Counsel

Martinez's claim of ineffective assistance of appellate counsel also lacks merit because he has not shown that he was prejudiced by appellate counsel's failings. Martinez has satisfied the first prong of *Strickland* by making a sufficient showing that his appellate counsel's performance was constitutionally deficient. I previously found that Martinez's appellate counsel "effectively abandoned" him by "fail[ing] to pursue [his] legal matter in a timely manner." *Martinez*, 15 F. Supp. 3d at 232. The Second Circuit concluded that Martinez's appellate counsel "showed a greater interest in collecting fee payments than in providing Martinez with adequate representation" because he "missed the habeas petition deadline and was barely responsive to Martinez's case." *Martinez*, 806 F.3d at 29. Therefore, even in light of *Strickland's* "highly deferential" standard, his appellate counsel's performance fell below "a professional standard of reasonableness." *Strickland*, 466 U.S. at 689. Nevertheless, these shortcomings were not prejudicial, and thus, fail to satisfy *Strickland's* second prong.

Under New York law, it is clear that a plea is not knowing and voluntary if the trial court fails to inform the defendant of the precise duration of the supervised release component of his sentence. *Rosario*, 2014 WL 2600169, at *12–13 (citing *People v. Catu*, 4 N.Y.3d 242 (2005)). This rule applies even where the court, as here, informs the defendant at the plea that the sentence will include some period of supervised release, but not the precise duration. *People v. Boyd*, 12 N.Y.3d 390 (2009). However, to challenge the plea on appeal or in a collateral attack, the defendant

must ordinarily preserve his claim in a post-allocution motion before sentencing. *People v. Louree*, 8 N.Y.3d 541, 545 (2007). In *Louree*, the New York Court of Appeals made an exception to this preservation requirement where the defendant had not been informed of the supervised release component of his sentence. *Id.* at 546. In *Boyd*, the Court extended this exception to cases where a court informs the defendant at his plea that his sentence includes a period of supervised release, without specifying the exact duration. 12 N.Y.3d at 393. However, in a series of later cases, the Court of Appeals explained that preservation was still required if the defendant had "ample opportunity" to object to the imposition of supervised release. *People v. Crowder*, 24 N.Y.3d 1134, 1136 (2015); *accord People v. Murray*, 15 N.Y.3d 725, 726–27 (2010); *People v. McAlpin*, 17 N.Y.3d 936, 938 (2011).

Here, while Martinez was not informed at the plea proceeding of its duration, he was informed that his sentence would include supervised release. Then, about a month before his sentencing, Martinez appeared before the court with his attorney specifically to address his supervised release. Martinez signed, in open court, a document acknowledging that he understood that his sentence would include a five-year term of supervised release. At his sentencing, too, when asked by the court, he stated that he understood the supervised release component of his sentence and that he had reviewed it with his attorney. Together, these factors establish that Martinez had ample opportunity to object to his supervised release. In light of these opportunities and Martinez's failure to object, his claim is unpreserved. *See Crowder*, 24 N.Y.3d at 1136. Therefore, even had his appellate counsel raised this claim after sentencing when he was retained, New York courts would have rejected it as unpreserved. *Id.* Accordingly, Martinez was not prejudiced by his appellate counsel's deficient performance. *Strickland*, 466 U.S. at 694.

## IV. Martinez's Claim That His Sentence Was Excessive and Coerced

Martinez's claims that his sentence as a whole and the supervised release component specifically are excessive in violation of his 8th and 14th Amendment rights are without merit. When a sentence is within the range prescribed by statute, "a claim of excessive punishment does not present a constitutional question necessary for habeas corpus reversal." *Underwood v. Kelly*, 692 F. Supp. 146, 152 (E.D.N.Y. 1988); *see also White v. Keane*, 969 F.2d 1381, 1383 (2d Cir. 1992) ("No federal constitutional issue is presented where, as here, the sentence is within the range prescribed by state law."). Martinez pleaded guilty to six class B felonies and one class C felony. The statutory range for one of these class B felonies alone is five to twenty-five years in prison, with two and one-half to five years of supervised release. N.Y. Penal Law §§ 70.02(1)(a), (3)(a), 70.45(2)(f). Therefore, Martinez's sentence of twelve years' imprisonment and five years' supervised release was within the range prescribed by state law, and so does not present a federal constitutional issue. *Keane*, 969 F.2d at 1383. As such, his claim of excessive punishment is denied.

Likewise, his claim that his sentence was coerced is meritless. As explained above, Martinez indicated multiple times on the record that he understood and accepted the plea agreement, and the sentence he received was within the agreed upon range. Moreover, his declaration on the record that he was not forced to plead guilty contradicts his conclusory claim of coercion. *See Hernandez*, 242 F.3d at 112; *Blackledge*, 431 U.S. at 74. Accordingly, Martinez's claim that his sentence was coerced is denied as well.

## Conclusion

For the foregoing reasons, Martinez's petition for a writ of habeas corpus is denied. Since petitioner has not made a "substantial showing of the denial of a constitutional right," a certificate

of appealability shall not issue. 28 U.S.C. § 2253(c) (2). The court certifies pursuant to 28 U.S.C. § 1915(a) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* relief is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is directed to enter judgment for respondent.

SO ORDERED.

/s/ Nina Gershon

NINA GERSHON
United States District Judge

Dated: Brooklyn, New York
October 31, 2016